**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TAMEKA DEW**<br>Plaintiff | CIVIL ACTION |
| v. | NO: 2:25-CV-02135 |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**,<br>Defendants | JUDGE SUSIE MORGAN<br><br>MAGISTRATE EVA J. DOSSIER |

# SECOND AMENDED COMPLAINT

## I. PARTIES

1. Plaintiff, **TAMEKA DEW** is a person of the full age of majority, and a resident of Laplace, St. John the Baptist Parish, Louisiana.

2. Defendant, **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** ("LNLIC") is a foreign corporation authorized and doing business in the State of Louisiana in this judicial district. LNLIC is the named claims administrator of the Plan and designated as an Appeals Fiduciary.

## II. JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this suit involves

questions of federal law, specifically under 29 U.S.C. § 1001 et seq. as this matter involves ERISA disability benefits.

4. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this district.

## III. FACTS & ALLEGATIONS

5. Plaintiff is a plan participant and beneficiary of an ERISA plan ("The Plan") created by her former employer, Hexion (hereinafter "Employer"), and an insured participant of a group disability policy issued by LNLIC.

6. Plaintiff was at all relevant times a plan participant of the Plan, and at all times qualified as a beneficiary under the Plan.

7. Among other benefits, the Plan provided disability benefits.

8. Plaintiff has been since approximately July 2023, remains to date, and is expected to remain indefinitely, disabled and entitled to disability benefits under the terms of the Plan.

9. Despite receiving proof that Plaintiff remained qualified for benefits under plan terms, LNLIC discontinued Plaintiff's benefits.

10. Plaintiff has exhausted all required administrative remedies prior to filing this lawsuit.

11. Plaintiff submitted an appeal to LNLIC on or around June 4, 2025. To date, LNLIC has not responded to Plaintiff's appeal.

12. Plaintiff has incurred attorney's fees in order to pursue her right to benefits from the Plan.

13. Plaintiff is entitled to judgment awarding disability benefits owed to her under the terms of the Plan from Defendant LNLIC.

14. In denying the claim, LNLIC has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. LNLIC abused its discretion by failing to consider the disabling, synergistic, and long-term effect of all of Plaintiff s medical conditions and the length of time she has been out of the workforce.

16. LNLIC abused its discretion by failing to consider the medical conditions in relation to the duties of all occupations.

17. LNLIC has failed to give their Policy and Plan a uniform construction and interpretation.

18. As a routine business practice, LNLIC uses the appeals process to support benefit denials rather than to review impartially whether it should reverse appealed denials.

19. LNLIC's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

20. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

21. Plaintiff is entitled to an award of interest on all money Defendant should have paid to Plaintiff.

22. LNLIC's denial has required Plaintiff to hire an attorney in this matter to recover benefits due Plaintiff under the Plan.

23. Plaintiff is entitled to attorney fees for all actions taken against Defendant in a court of law.

24. Plaintiff improperly named **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** as Lincoln Financial Group in the original and first amended complaint and is filing this complaint to properly name the defendant, and plaintiff is not asserting claims against Lincoln Financial Group.

**WHEREFORE**, Plaintiff **TAMEKA DEW**, prays for judgment against Defendant, **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** as follows:

1. For all disability benefits due Plaintiff in the past and future under terms of the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney's fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

Respectfully submitted,

*/s/Loyd J. Bourgeois, Jr.*

Loyd J. Bourgeois, Jr., La. Bar No. 29771
50 Wade St., Ste. 9
Luling, Louisiana 70070
Tel: (985) 240-9773; Fax: (866) 882-3988
Email: loyd@ljblegal.com
*Attorney for Plaintiff*